[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14950
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:11-cr-00017-LGW-JEG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES RONALD MCCORMICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 17, 2012)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

James Ronald McCormick appeals his 135-month sentence for armed bank robbery as substantively unreasonable. Specifically, McCormick argues that the court district did not properly weigh the 18 U.S.C. § 3553(a) factors in imposing a 64-month upward variance.

We review the reasonableness of a defendant's final sentence only for abuse of discretion. *United States v. Rodriguez*, 628 F.3d 1258, 1262 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 2166 (2011). First, we ensure that the district court committed no significant procedural error. *Id.* at 1264. Second, in reviewing a sentence for substantive reasonableness, we examine whether the district court (1) failed to afford consideration to relevant factors that were due significant weight, (2) gave significant weight to an improper or irrelevant factor, or (3) committed a clear error of judgment in balancing the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011).

McCormick does not argue on appeal that his sentence was procedurally unreasonable. Rather, he argues that the 64-month upward variance imposed by the district court was substantively unreasonable. We do not presume that a sentence outside the guidelines range is unreasonable, and we give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify any

2

variance. *Irey*, 612 F.3d at 1187. At the same time, however, the sentencing court must give "serious consideration" to the extent of any departure and it must offer sufficient justifications for imposing an unusually harsh sentence. *Id.* at 1186.

In explaining the reasons for the upward variance, the district court focused on McCormick's "remarkably serious" criminal history:

> Mr. McCormick, as you know more than anyone, your criminal history is remarkable. It is remarkably serious. And although the guidelines score you at a Criminal History Category III, the fact remains that you have been convicted of murder and convicted of kidnapping and convicted of escape and convicted of forgery and convicted of six other misdemeanor criminal offenses. That is remarkable... and I am not taking into account the nineteen other arrests that you had on top of those convictions.

Additionally, with respect to the nature and circumstances of the instant offense, the court noted that McCormick intentionally used a device that "looked like something terrifying," a bomb, to intimidate a bank teller who was "six months pregnant." The court explicitly ruled that the variance was necessary to reflect the seriousness of the offense, to promote respect for the law, and to prevent recidivism.[1]

---

[1] McCormick's argument that the court inappropriately weighed certain factors is not supported by the record. While the court specifically referenced the bank teller's pregnancy and McCormick's physical capacity to commit further crimes, the record does not indicate that it granted these factors any greater weight than other relevant factors. Further, although the court did disregard McCormick's possible state sentence, it explained that it was doing so because it "could not control what happens in the state system."

**AFFIRMED.**